IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Daniel A. Madero, ) | |
| ) | Case No. 12 C 50157 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Peters Engineering, Inc., et al. ) | |
| ) | Judge Philip G. Reinhard |
| Defendant. ) | |
| ) | |

## ORDER

For the reasons stated below, plaintiffs' motion [60] to dismiss is denied. Peters' motion to strike [68] is denied as moot.

## STATEMENT - OPINION

Defendant, Peters Engineering, Inc. ("Peters"), filed a counterclaim against plaintiffs, Daniel Madero, John Buffo and Jamie Martin II, all former employees of Peters, alleging unjust enrichment. Plaintiffs move [60] to dismiss the counterclaim for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Peters moves [68] to strike portions of plaintiffs' reply brief asserting it raises arguments not raised in plaintiffs' opening brief.

Peters alleges it provided the plaintiffs with health insurance during their employment with Peters. Peters paid one-half of the cost of this health insurance while plaintiffs were actively performing work for Peters and the plaintiffs were each individually responsible to pay the other half of the premiums. Over various periods, each of the plaintiffs went on extended medical leave during which they performed no work for Peters. During a significant portion of those leave periods, Peters paid the entire cost of the plaintiffs' health insurance premiums including the portion the plaintiffs were responsible for paying. Peters expected the plaintiffs to reimburse Peters for their share of the premiums when they returned to work and the plaintiffs understood they would be required to reimburse Peters for their individual shares of their health insurance premiums. Plaintiffs have not reimbursed Peters for any portion of these premium costs. Peters alleges plaintiffs have each unjustly retained a benefit provided by Peters and that this retention violates fundamental principles of justice, equity and good conscience.

In order to state a claim for unjust enrichment under Illinois law, "a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's

1

retention of the benefit violates the fundamental principles of justice, equity, and good conscience." Cleary v. Philip Morris Inc., 656 F.3d 511, 516 (7th Cir. 2011). "[I]t appears that the Illinois Supreme Court recognizes unjust enrichment as an independent cause of action," id., untethered from "a separate underlying claim in tort, contract, or statute." Id. In fact, under Illinois law, a party may not recover on a quasi-contract theory such as quantum meruit or unjust enrichment when an actual contract governs the parties' relations on that issue. Keck Garrett & Assoc., Inc. v. Nextel Comm., Inc., 517 F.3d 476, 487 (7th Cir. 2008), citing, Illinois ex rel. Hartigan v. E & E Hauling, Inc., 607 N.E.2d 165, 177 (Ill.1992).

The portion of plaintiffs' reply brief that Peters seeks to strike, argues that Peters "admits that the plan document does not require [p]laintiffs to reimburse [Peters] for medical insurance premiums." However, such a contractual underpinning is not needed to plead an unjust enrichment claim. Cleary, 656 F.3d at 516. The crux of an unjust enrichment claim is the unjust retention of a benefit (payment of the premiums by Peters when it had no obligation to do so thereby allowing plaintiffs to remain covered by health insurance) to the detriment of the claimant. Unjust enrichment can only occur in the absence of an actual contract governing the issue. Keck, 517 F.3d at 487. Peters has adequately alleged unjust enrichment. Because the court finds unjust enrichment adequately pled, the motion to strike portions of plaintiffs' reply brief is denied as moot.

Plaintiffs argue that Peters' unjust enrichment claim must be dismissed because it is preempted by ERISA.[1] "ERISA preempts 'any and all state laws insofar as they may now or hereafter relate to any employee benefit plan' covered under ERISA. 29 U.S.C. § 1144." Kolbe & Kolbe Health & Welfare Benefit Plan v. Medical College of Wisconsin, 657 F.3d 496, 504 (7th Cir. 2011). ERISA preempts a state law claim if the claim requires interpretation or application of the terms of the employee benefit plan. Id. A state law claim is not preempted if it merely requires a cursory examination of the plan's provisions. Id.

Peters' claim, as stated in the counterclaim, does not require the interpretation or application of the terms of the plan. The claim is simply that plaintiffs were unjustly enriched by Peters paying the plaintiffs' portion of their health insurance premiums while the plaintiffs were out on medical leave even though Peters had no obligation to do so. Peters claims this conferred a benefit on plaintiffs which they retained to Peters' detriment and that this retention violates fundamental principles of justice, equity and good conscience.

Plaintiffs rely on Gutta v. Standard Select Trust Insurance Plans, 530 F.3d 614 (7th Cir. 2008), a summary judgment case, involving recoupment of disability benefits where the plan provided for an offset for income from other sources. The issue was whether the defendant's counterclaim based on this provision was proper under ERISA as seeking equitable relief per 29

---

[1] Plaintiffs also argue Peters fails to state a claim under ERISA. Peters acknowledges it is not asserting a claim under ERISA so it is unnecessary for the court to address this argument of plaintiffs.

2

U.S.C. § 1132(a)(3). The court held that it was proper. A state law claim was not being advanced in the counterclaim. Gutta is distinguishable on this basis. The other authorities cited by plaintiffs likewise do not address the precise issue here. They are not controlling nor persuasive on the question whether the pled claim for unjust enrichment is preempted.

Peters has stated a claim for unjust enrichment that is not, based on what has been pled, preempted by ERISA. Therefore, the claim survives this motion to dismiss. Peters has pled itself a fairly narrow theory on which to recover on this state law claim. Whether the facts fit this narrow theory remains to be proven. All the court decides today is that Peters has given itself a chance to try.

For the foregoing reasons, plaintiffs' motion [60] to dismiss is denied. Peters' motion to strike [68] is denied as moot.

Date: 1/30/2014                    ENTER:

*Philip G. Reinhard*
United States District Court Judge

Electronic Notices. (LC)